IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLI LUNDAHL,<br><br>Defendant. | **ORDER ON DEFENDANT'S COMPETENCY AND *FARETTA* MOTION**<br><br>Case No. 2:06-CR-693-WFD<br><br>Honorable William F. Downes |

This matter comes before the Court on the issue of Defendant's competency to stand trial and Defendant's Motion Requesting to Proceed *Pro Se* and Requesting Appointment of Standby Counsel. The Court, having carefully considered the competency evaluation completed pursuant to the Court's previous orders, having considered the materials submitted in support of Defendant's motions and the United States' responses thereto, having heard oral argument of counsel and testimony from the Defendant, and being otherwise fully advised, FINDS and ORDERS as follows:

1. In order to determine whether a criminal defendant is competent to stand trial, the relevant inquiry for this Court is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). Pursuant to 18 U.S.C. § 4241(d), the Court utilizes a preponderance of the evidence standard:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

> understand the nature and consequences of the proceedings against him
> or to assist properly in his defense, the court shall commit the defendant to
> the custody of the Attorney General. . . .

When making this determination, the Court may consider all relevant evidence, including medical and psychological opinions by experts and the Court's observation of the Defendant in the courtroom. *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000).

    2. At the outset, the Court notes that neither the Defendant nor Government counsel challenge the Defendant's competency to stand trial in light of the opinions offered by the psychologists conducting the forensic evaluation. Despite some concerns about whether the Defendant has a rational understanding of these proceedings, the Court finds that Defendant is not presently suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

    3. A criminal defendant has both the statutory and constitutional right to self-representation, notwithstanding the fact that the assertion of the right "usually increases the likelihood of a trial outcome unfavorable to the defendant." *Faretta v. California*, 422 U.S. 806, 834 (1975); *U.S. v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984)). In *Faretta*, the Supreme Court held that a defendant "must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" *Faretta*, 422 U.S. at 834.

    4. To properly invoke the right to self-representation, a defendant must satisfy

four requirements.  *United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006). First, the defendant must "clearly and unequivocally" assert his intention to represent himself.  *Id.*  Second, the request must be timely, and not made for purposes of delay. *Id.*  Third, the defendant must "knowingly and intelligently" relinquish the benefits of representation by counsel.  *Mackovich*, 209 F.3d at 1236.  To ensure that the defendant's waiver of counsel is knowing and intelligent, this Court must "conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se."  *Id.*   "Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol."  *Tucker*, 451 F.3d at 1180 (internal quotations omitted).

   5.  The Court held a *Faretta* hearing on May 4, 2007.  The Court thoroughly examined the Defendant regarding her desire to proceed pro se and her understanding of the risks inherent in doing so.  The Court finds that the Defendant has "clearly and unequivocally" asserted her intent to represent herself during the *Faretta* hearing and in many documents submitted to the Court.  Second, Defendant's request is timely, having been formally made by motion less than one month following the filing of the Indictment in this matter.  Third, the Defendant's waiver of counsel is knowing and intelligent in that the Defendant has demonstrated to the Court that she is aware of the nature of the charges, and the range of allowable punishments and possible defenses.  Moreover, the Court fully informed Defendant of the traditional benefits relinquished by choosing to proceed pro se.

6. It is the fourth requirement which is the most difficult for the Court in this case. The Court has grave doubts about the Defendant's ability to abide by the rules of procedure and courtroom decorum, given her long history of poor judgments in court proceedings. Nevertheless, the Court acknowledges and respects the Defendant's constitutional right to self-representation, and will give Defendant an opportunity to exercise that right. However, Defendant must keep in mind that "[t]he right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 834. This Court may terminate Defendant's self-representation if she deliberately engages in serious and obstructionist misconduct. *Id.* n.46.

7. The Court further finds it appropriate to grant Defendant's request for the appointment of standby counsel to assist Defendant in overcoming routine procedural and evidentiary obstacles and to ensure the Defendant's compliance with basic rules of courtroom protocol and procedure. The Defendant has requested the appointment of Ms. Mary Corporan, CJA Panel Attorney, to act as standby counsel.[1] THEREFORE, it is hereby

**ORDERED** that Defendant is competent to stand trial; it is further

**ORDERED** that the Defendant's Motion Requesting to Proceed *Pro Se* and Requesting Appointment of Standby Counsel is **GRANTED**; it is further

---

[1] Contrary to representations made by Defendant at the competency/*Faretta* hearing, the Court is convinced that the initial decision by Magistrate Judge Wells to appoint counsel was appropriate. There is no indication in the record that Defendant presently has the financial wherewithal to retain private counsel. The Court finds that the interests of justice support such an appointment.

**ORDERED** that Ms. Mary Corporan is appointed standby counsel and Mr. Robert Steele is removed as counsel for Defendant.

DATED this 15th day of May, 2007.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE